**Virgil ALESSI, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.***

**No. 1260, Docket 79–2270.**

United States Court of Appeals, Second Circuit.

Argued June 3, 1980.

Decided Aug. 13, 1980.

Petition for Rehearing En Banc Unanimously Denied October 2, 1980.

---

* *Editor's Note:* The opinion of the United States Court of Appeals, Eighth Circuit in *County National Bancorporation and TGB Co. v. Board of Governors of the Federal Reserve System,* published in the advance sheets at this citation (628 F.2d 1133), was withdrawn from the bound volume because rehearing was granted.

Steven B. Duke, New Haven, Conn., for petitioner-appellant.

Stephen F. Markstein, Asst. U.S. Atty., New York City (William M. Tendy, U.S. Atty., and Howard W. Goldstein, Asst. U.S. Atty., New York City, on the brief), for respondent-appellee.

Before TIMBERS, Circuit Judge, and MISHLER * and WILL **, District Judges.

TIMBERS, Circuit Judge:

This appeal calls upon us for the fifth time to address claims arising out of two indictments charging appellant with various federal narcotics and tax offenses, and appellant's guilty pleas thereto. *E. g., Alessi v. United States*, 593 F.2d 476 (2 Cir. 1979); *United States v. Alessi*, 544 F.2d 1139 (2 Cir.), *cert. denied*, 429 U.S. 960 (1976); *United States v. Alessi*, 536 F.2d 978 (2 Cir. 1976). Briefly, the instant appeal comes to us by the following route.

In November 1976 appellant withdrew previously entered pleas of not guilty to charges contained in the two indictments mentioned above, and—in satisfaction of all charges against him—pled guilty to one count of a Southern District narcotics indictment and one count of an Eastern District tax indictment. In January 1977 Judge Bonsal sentenced appellant to thirteen years imprisonment on the narcotics count, to be followed by six years special parole; and two years imprisonment on the tax count.

In May 1978 appellant filed two motions pursuant to 28 U.S.C. § 2255 (1976) to vacate the judgments of conviction entered upon his guilty pleas. In these motions, appellant primarily claimed that he did not understand the nature of the charges to which he pled guilty and that there was no factual basis for his pleas. Appellant's motions were denied by Judge Bonsal and appellant appealed. On appeal, this Court upheld appellant's claims regarding the tax count. We therefore directed the district court to vacate appellant's conviction on the tax count and to grant appellant leave to replead to that count. With regard to the narcotics count, however, we concluded that

---

* Hon. Jacob Mishler, Senior Judge, United States District Court for the Eastern District of New York, sitting by designation.

** Hon. Hubert L. Will, Senior Judge, United States District Court for the Northern District of Illinois, sitting by designation.

"a hearing might develop both that Alessi had a full understanding of the charge and that there was a factual basis for the plea." 593 F.2d at 481 (footnote omitted). We therefore remanded the case to the district court so that an evidentiary hearing could be held with respect to appellant's claims that he lacked an understanding of the narcotics charge and that there was no factual basis for his guilty plea to that charge. We further directed that the hearing encompass appellant's claim that he lacked an understanding of his liability for special parole.

The evidentiary hearing mandated by this Court was held by Judge Bonsal in May 1979. At the conclusion of the hearing, Judge Bonsal found that appellant in fact did understand the charge to which he had pled guilty, that he understood his liability for special parole as a result of the plea, and that there existed a factual basis for the guilty plea on the narcotics count. Appellant then took the instant appeal attacking these findings.

In view of the prior procedural history of this case—in particular, our most recent decision directing the district court to hold an evidentiary hearing on the validity of appellant's plea—the issue before us today is a relatively narrow one: namely, did the district court err in reaching the factual findings described above and in concluding that appellant was not entitled to have his conviction vacated pursuant to § 2255? We hold that there was no error.

At the outset, we note that much of the evidence presented to the district court consisted of witness testimony, including recollections of past events by appellant and his attorneys. Witness credibility, therefore, played a major role in the district court's findings. The court expressly found that appellant's testimony was lacking in credibility and was "tailored" to support his contentions. The court further found that the credible testimony at the hearing did not support appellant's claims. Courts must be wary of overturning findings based on such determinations of credibility. *E. g., Harned*

*v. Henderson*, 588 F.2d 12, 23 (2 Cir. 1978). We find no reason to depart from that salutary rule in this case.

We believe that the evidence, both testimonial and non-testimonial, fully supports the district court's findings. Ordinarily, the burden of proof in this type of proceeding rests upon the petitioner. *Harned v. Henderson, supra,* 588 F.2d at 22. Even if the burden were on the government in this proceeding, as appellant contends, we would affirm.

With regard to the issue of appellant's understanding of the narcotics charge, Nancy Rosner—appellant's attorney at the time of the plea—and other attorneys with whom appellant was in contact testified that they had several discussions with appellant concerning various aspects of the government's prosecution of appellant. Mrs. Rosner further testified that she normally kept her clients informed of the nature of charges against them and of the conduct of pretrial proceedings; it was also her practice to supply clients with copies of all papers filed on their behalf. Finally, despite appellant's claims to the contrary, appellant's own affidavit indicates that he in fact knew that he was being charged with distribution of narcotics in the Southern District of New York.

■ Evidence at the hearing also demonstrated that appellant understood his liability for special parole. Appellant had stated at an earlier plea allocution that he understood special parole. Furthermore, one of appellant's former attorneys testified that he had discussed special parole with appellant. Finally, considering appellant's own admission that Mrs. Rosner had advised him under which statute he was going to plead guilty, it is reasonable to assume that she also informed him of the ramifications of pleading under that statute, including the effect of special parole.

■ Finally, the district court did not err in concluding that there was a factual basis for the guilty plea. Appellant's admission

during the guilty plea allocution, the government's bill of particulars, the testimony of appellant's cohort, Manfredonia, during the trial of *United States v. Panebianco* (at which Judge Bonsal presided), and testimony by the Assistant United States Attorney who had been in charge of appellant's prosecution provided a sufficient factual basis for appellant's plea of guilty. This evidence established that appellant had given narcotics to Manfredonia, knowing that the latter intended to take the narcotics to the Southern District for distribution.

We have carefully considered all of appellant's remaining claims, including the claims that he was denied effective assistance of counsel, that he had not been informed of his fifth and sixth amendment rights, that this Court's earlier decision to vacate appellant's tax conviction automatically invalidated his narcotics conviction, and that the evidentiary hearing was unfair. Although there is substantial doubt that any of these claims are properly before us, we have examined appellant's supporting arguments, and we hold the claims to be without merit.

We find no error in the findings of fact and conclusions of law made by the district court. We affirm the order of the district court denying appellant's § 2255 motion.

Affirmed.

WILL, District Judge, concurring.

While I concur in the decision to affirm the district court's denial of appellant's § 2255 motion, I do so only because a prior distinguished panel of this court, in remanding the case to the district court for a hearing, enunciated two principles with respect to the requirements of Rule 11 of the Federal Rules of Criminal Procedure which I accept as the law of this case but which are novel and, I believe, raise important questions with respect to the taking of valid guilty pleas. *Alessi v. United States*, 593 F.2d 476 (2d Cir. 1979).

The first of these relates to whether or not Rule 11 requires that the court taking the guilty plea determine on the record at the time of taking the plea, among other facts, (1) that the defendant understands the nature and essential elements of the crime to which he is pleading; and, (2) that there is a factual basis for the plea. It has always been my understanding that it does and that all the essential substantive requirements of Rule 11 must be satisfied in open court at the time of taking a guilty plea.[1] As the Supreme Court has said, "Rule 11 is designed to eliminate any need to resort to a later fact-finding proceeding . . . ." *McCarthy v. United States*, 394 U.S. 459, 468, 89 S.Ct. 1166, 1172, 22 L.Ed.2d 418 (1969).

Accordingly, the holding of an evidentiary hearing on a § 2255 motion to determine whether the defendant may have understood the nature and essential elements of the crime to which he pleaded and whether there may have been a factual basis for the plea when the record of the taking of the plea is insufficient to establish either is, I believe, inconsistent with the purposes of Rule 11.

Moreover, as the evidentiary hearing in this case demonstrated, it is an unsatisfactory way in which to determine if the defendant understood what he was pleading to, if there was a factual basis for his plea, or if the other essential Rule 11 requirements were met. While, at the conclusion of the instant hearing, the trial judge found that the defendant had understood the nature and essential elements of the crime of aiding and abetting the sale of heroin or the possession of heroin with the intent to sell it in the Southern District of New York, the seven days of testimony by seven witnesses, including the defendant, several former counsel, prosecutors, etc., is far from unequivocal. And, as the earlier opinion of this Court pointed out, the discussion at the time of taking the plea involved no refer-

[1]. This is not to say that a formal but not substantive violation of Rule 11 will justify § 2255 collateral relief. *See Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *Del Vecchio v. United States*, 556 F.2d 106 (2d Cir. 1977).

ence to the essential elements of aiding and abetting such a sale or possession in the Southern District of New York, but rather dealt with the defendant's delivering a kilo of heroin to a man named Manfredonia in Queens, which is part of the Eastern District of New York.

Not only was there no discussion of the essential elements of aiding and abetting a sale or possession, particularly in the Southern District, but the only possible factual basis for the plea at that hearing is the same testimony about delivery of heroin in Queens. This leads to the second, I believe, novel concept, i. e., that if the judge taking the plea believes from other information available to him but not presented at the plea-taking that there is a factual basis for the plea, the requirement of Rule 11 is satisfied.

In the instant case, the earlier opinion of this Court suggested that, since the judge taking the guilty plea had presided over a trial of Manfredonia and others (but not Alessi) on charges of selling or possessing heroin with intent to sell in the Southern District, that experience "may have given him ample reason for finding a factual basis for the plea; if not, the Government may now be able to demonstrate this," *Alessi v. United States, supra* at 481. On remand, the district judge found that his prior trial experience together with evidence presented at the subsequent evidentiary hearing did give him a factual basis for accepting the plea.

I have great difficulty with the concept that information obtained by the judge taking the plea outside of the plea proceeding which is not known to the defendant so that he can confirm or deny it and which is not made part of the record so that it can be reviewed as to whether or not it constitutes an adequate factual basis can satisfy Rule 11. Apparently, the information could come from any source, newspapers, news magazines, radio, television, a presentence investigation report, grand jury transcripts, etc., without any disclosure to the defendant of what facts the judge considers establish the factual basis or from where they were obtained. While this Court has previously held that a district court, in determining whether or not there was a factual basis for a plea, is "free to rely on any facts at its disposal—not just the admissions of the defendant," it is clear that the Court was referring to information obtained by "inquiry of the defendant or the attorney for the government, or by examining the presentence report or otherwise . . . ." *Irizarry v. United States*, 508 F.2d 960, 967 (2d Cir. 1974).

But the *Irizarry* court went on to say,

However, the fact that the court may refer to additional material does not answer Irizarry's objection that this material was not made a part of the record of the proceedings at which the plea was entered. Any additional facts on which the court relies in determining that there is a factual basis for the plea must be put into the record at the time of the plea. See *Manley v. United States*, 423 F.2d 1241 (2d Cir. 1970) (*en banc*).

*Id.* at 967 (footnote omitted).

With respect to post-*McCarthy* pleas, the *Irizarry* court pointed out that *Manley, supra* at 1244, explicitly held that the judge taking a guilty plea "must demonstrate on the record that he has satisfied himself that there is a factual basis for the plea." The court then quoted from *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) as follows:

Fed.Rule Crim.Proc. 11, governing pleas in federal courts, now makes clear that the sentencing judge must develop, *on the record*, the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge.

(Footnote omitted; emphasis in original). *Post hoc* explanations, such as the one attempted in this case, are insufficient.

*Irizarry, supra* at 968.

In language which is particularly appropriate to this case, the *Irizarry* court concluded:

We reverse this judgment of conviction not without regret. Irizarry was most likely guilty of something, and he knew most likely that he was guilty of something . . . However, reversal is necessary to comply with the admonition in *McCarthy, supra,* 394 U.S. at 472, 89 S.Ct. at 1174, 22 L.Ed.2d 418,

> It is . . . not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking.

*Id.* at 968.

Alessi is admittedly a criminal. He was sentenced to thirteen years' imprisonment plus six years special parole on the guilty plea here in question. His plea proceedings, however, were clearly insufficient to meet the requirements of Rule 11, both with respect to whether he understood the nature and essential elements of the crime to which he was pleading and whether there was a factual basis for the plea. Upon remand for an evidentiary hearing as ordered by this Court, seven witnesses testified over a period of seven days. The judge who took the plea and conducted the evidentiary hearing concluded from all the testimony that the defendant had understood the nature and essential elements of the charge of aiding and abetting sales of or possession with intent to sell narcotics in the Southern District of New York although the record of the plea-taking did not demonstrate it and the defendant denied at the hearing that he had. The judge also concluded that there was a factual basis for the plea, in part based on testimony at the hearing and in part based on information he secured presiding over an earlier, related trial.

As indicated at the outset of these observations, if compliance with the basic substantive requirements of Rule 11, such as that the court be satisfied at the plea-taking that the defendant fully understands the nature and essential elements of the crime to which he is pleading, can be established by a later fact-finding hearing and, if the factual basis for a guilty plea can rest on knowledge acquired by the court outside the plea proceedings and not disclosed to the defendant or on the record of the plea proceedings or on evidence adduced at a subsequent hearing as this Court held in remanding the case for an evidentiary hearing, then I am compelled to concur in affirming the district court's denial of Alessi's § 2255 motion. Obviously, however, I have serious doubts as to whether that procedure is contemplated by Rule 11 since it is contrary to decisions both of the United States Supreme Court and of this Court such as *McCarthy v. United States, supra; Santobello v. New York, supra; Manley v. United States, supra;* and *Irizarry v. United States, supra.*