Virgil ALESSI, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 1348, Docket 81–2058.

United States Court of Appeals, Second Circuit.

Argued May 28, 1981.

Decided June 22, 1981.

Steven B. Duke, New Haven, Conn., for petitioner-appellant.

Stephen F. Markstein, Asst. U. S. Atty., New York City (John S. Martin, Jr., U. S. Atty., S. D. N. Y., Mary Jo White, Asst. U. S. Atty., New York City, of counsel), for respondent-appellee.

Before FEINBERG, Chief Judge, and LUMBARD and MANSFIELD, Circuit Judges.

LUMBARD, Circuit Judge:

Virgil Alessi appeals from the order dated December 19, 1980, entered in the Southern District of New York, Bonsal, J., dismissing Alessi's most recent 28 U.S.C. § 2255 petition to vacate his conviction. The district court dismissed the petition on the ground that the issues raised—whether Alessi's guilty plea was made unknowingly and involuntarily, and whether Alessi had waived his right to a direct appeal from his conviction—had been found to be without merit by this court on review of the denial of an earlier § 2255 petition by Alessi, *Alessi v. United States*, 628 F.2d 1133 (2d Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 2015, 68 L.Ed.2d 323 (1981). Because we agree with the district court that there was no need to hold hearings on or reach the merits of the issues presented in the most recent § 2255 petition, we affirm the order of the district court.

Following extensive, but unsuccessful, pretrial proceedings, *see United States v. Alessi*, 544 F.2d 1139 (2d Cir.), *cert. denied*, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976); *United States v. Alessi*, 536 F.2d 978 (2d Cir. 1976), Alessi pled guilty, in November of 1976, to one count of aiding and abetting the distribution and possession with intent to distribute heroin and one count of violation of the federal tax laws. Alessi was sentenced to thirteen years' imprisonment on the narcotics charge followed by six years' special parole, and two years' imprisonment on the tax charge to run consecutively to the narcotics sentence. Although a notice of appeal was filed in the district court, this court dismissed the appeal some months later for failure to prosecute.

After unsuccessfully moving the district court to reduce his sentence, Alessi filed, in May of 1978, a § 2255 motion to vacate his conviction on the ground that the proceedings in which his guilty plea was taken were inadequate for a number of reasons, including the failure to inform him of possible maximum penalties and his constitutional rights at trial. The district court denied the petition without a hearing. After filing notice of appeal and filing his papers in this court, Alessi moved for an order reinstating his direct appeal. We denied the motion without prejudice to renewal at oral argument.

In a per curiam opinion, we directed the district court to vacate the judgment of conviction on the tax count and remanded the § 2255 motion on the narcotics count for an evidentiary hearing to determine whether Alessi had understood the narcotics charge when he pled guilty, whether he understood his liability to special parole, and whether there was a factual basis for the narcotics charge. *Alessi v. United States*, 593 F.2d 476 (2d Cir. 1979). We refused to reinstate the direct appeal, and noted that Alessi's other objections to his guilty plea proceedings did not rise to a sufficiently serious level to require consideration on remand. 593 F.2d at 479.

The district court held seven days of hearings. At their close, Alessi submitted both proposed findings of fact and a motion for leave to amend his § 2255 motion "in order that his petition may fully and clearly set forth his claims and conform to the evidence heretofore adduced." The motion to amend once again attacked the voluntariness and understanding of Alessi's guilty plea, although in a more detailed fashion: Alessi claimed that he had been misled by his counsel and the prosecution with respect to the charges against him and his possible sentences and that he had been denied effective assistance of counsel during the time of his decision to plead and the pleading proceedings. He also sought once again to reinstate his direct appeal. The memorandum of law supporting the motion to amend stated that the allegations contained in the motion "are merely amplifications of the allegations in [the] original motion which alleged that the plea was involuntary and unintelligent and implicitly attacked the effectiveness of his representation. If and to the extent they go beyond the original motion, they plainly reflect issues 'tried by express or implied consent of the parties.'"

In a memorandum opinion, the district court denied the motion to amend, noting first the concession that the amendments were merely amplifications, but also noting that the issues of incompetence of counsel and reinstatement of appeal had never before been raised. The court went on to find that Alessi understood the narcotics crime with which he was charged and his liability for special parole, and that there was a factual basis for the narcotics charge. Alessi then filed both a notice of appeal and a new § 2255 petition. In the new petition he included the exact same allegations that he had raised in his motion to amend: that the plea was not entered knowingly or voluntarily, because of the misrepresentations of his counsel and the government as well as the incompetence of his counsel, and that his original appeal should be reinstated. The district court deferred decision pending determination by us of the original § 2255 petition.

Alessi's brief on appeal from the denial of the original § 2255 motion raised once again the claims that Alessi's plea was involuntary and unintelligent for failure to understand the charge and failure to understand his sentence exposure, and that there was no factual basis for the plea. Alessi's brief, however, went beyond these allegations and once again raised the issues put forth in both the motion to amend and the most recent § 2255 motion: that the plea was also involuntary and unintelligent due to misrepresentations by the prosecution and by Alessi's counsel and due to ineffective assistance of counsel, and that Alessi was denied his right to appeal.

A panel of this court, on August 13, 1980 affirmed the district court's order denying Alessi's original motion to vacate his conviction. *Alessi v. United States*, 628 F.2d 1133 (2d Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 2015, 68 L.Ed.2d 323 (1981). We held that we would not disturb the district court's findings, made after extensive hearings, that Alessi understood the narcotics charge and his potential liability for special parole and that there was a factual basis for the charge. Moreover, we went on to state:

> We have carefully considered all of appellant's remaining claims, including the claims that he was denied effective assistance of counsel, that he had not been informed of his fifth and sixth amendment rights, that this Court's earlier decision to vacate appellant's tax conviction automatically invalidated his narcotics conviction, and that the evidentiary hearing was unfair. Although there is substantial doubt that any of these claims are properly before us, we have examined appellant's supporting arguments, and we hold the claims to be without merit.

628 F.2d at 1136.

After issuance of our opinion, the district court issued a memorandum order dated December 19, 1980, stating that the issues raised in the most recent § 2255 motion had been found to be without merit by the court of appeals, and therefore the petition was

dismissed under Rule 9(b) of the Rules Governing Proceedings in the United States Courts Under Section 2255 of Title 28, United States Code. The court also stated that this was a "successive petition, and did not assert a new ground warranting a hearing."

Alessi now appeals the district court's order denying his most recent petition. As noted earlier, the petition once again attacks Alessi's guilty plea as unknowing and involuntary due to misrepresentations by the prosecution and his own counsel with respect to the charges against him and the possible sentences he could have received, and due to ineffective assistance of counsel, and seeks reinstatement of his right to appeal his original conviction. We believe the district court must be affirmed because all of these arguments have been reached by prior panels of this court and found to be without merit.

First, Alessi's claim that his direct appeal from conviction should be reinstated was clearly rejected by the panel which set aside Alessi's tax conviction. *Alessi v. United States*, 593 F.2d 476, 478 (2d Cir. 1979). Second, Alessi's various attacks on his guilty plea were all raised in his next appeal to this court and all were found without merit. Aside from determining the claims originally set for rehearing—whether Alessi understood the charges against him, whether he understood his liability for special parole, and whether there was a factual basis for the charges—we went on to find without merit Alessi's other attacks on the voluntariness of the plea. *Alessi v. United States*, 628 F.2d 1133, 1136 (2d Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 2015, 68 L.Ed.2d 323 (1981). The court specifically noted Alessi's claim of ineffective assistance of counsel. It also noted Alessi's claim that invalidation of the tax conviction required invalidation of the plea; the court was plainly referring to Alessi's claim that he was induced to plead guilty by misrepresentations by the prosecution and his counsel that there was a valid tax charge against him.

Because all of the issues raised in Alessi's present § 2255 motion had been decided against him in proceedings arising from his original § 2255 motion, the district court had discretion to dismiss the petition unless the "ends of justice" required otherwise. See Rule 9(b); § 2255 Rules; *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963); *United States v. Fischer*, 381 F.2d 509, 511 (2d Cir. 1967), *cert. denied*, 390 U.S. 973, 88 S.Ct. 1084, 19 L.Ed.2d 1185 (1968). Like the district court, we see no reason why the "ends of justice" would require holding hearings on and reaching the merits of claims which have so recently been held to be without merit by the court of appeals. Although there may have been new factual allegations supporting the identical legal grounds, the district court had the discretion to decide whether the new factual allegations added anything to the grounds which have already been rejected. *See Sanders, supra*, 373 U.S. at 16, 83 S.Ct. 1077, 10 L.Ed.2d 148. We see no error in the court's conclusion that the latest petition was merely a "successive petition" raising no new legal grounds for setting aside his conviction and therefore that the petition should be dismissed without further hearings.

Plainly there must be an end to litigating these claims several times decided by the district court and by us.