**Darrel Lee McCABE, Appellant,**

v.

**William L. CALLAHAN and Richard Thornburgh, Appellees.**

No. 89–5441.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1990.

Decided Jan. 25, 1990.

---

Darrel Lee McCabe, pro se.

Bonnie P. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for appellees.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Darrel Lee McCabe appeals from a final judgment entered in the District Court[1] for the District of South Dakota, denying his 28 U.S.C. § 2255 motion to set aside, vacate or correct his sentence. For reversal, McCabe argues that the district court erred in (1) finding that his challenge to the admission of hearsay evidence had been decided adversely on direct appeal and therefore was not reviewable in a section 2255

motion; and (2) denying his claim that the right to cross-examination was impermissibly limited on the ground that this same claim was addressed and denied in a previous section 2255 motion. For the reasons discussed below, we affirm.

McCabe was convicted of kidnapping after a jury trial and sentenced to ten years imprisonment. On direct appeal, he argued, among other things, that hearsay statements by the victim's sister were improperly admitted. McCabe's conviction was affirmed in *United States v. McCabe*, 812 F.2d 1060 (8th Cir.), *cert. denied*, 484 U.S. 832, 108 S.Ct. 108, 98 L.Ed.2d 67 (1987), wherein this court found his contentions to be without merit. McCabe thereafter filed a section 2255 motion which the district court denied, finding that McCabe had the opportunity at trial to cross-examine witnesses, and had effective assistance of counsel. *United States v. McCabe*, No. 87–4150 (D.S.D. June 1, 1988). The appeal of the district court's denial of the motion was dismissed as frivolous. *United States v. McCabe*, No. 88–5254 (8th Cir. July 25, 1988).

McCabe then filed the instant action[2] claiming that (1) the trial court had erroneously admitted hearsay statements by the victim's sister, and (2) his confrontation clause and due process rights were violated by the court's limitation on his attorney's cross-examination of a witness.

The district court denied McCabe's motion prior to service because his first claim had been considered on direct appeal, *see United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir.1987) (per curiam) (purported trial errors raised unsuccessfully on direct appeal cannot be raised in section 2255 petition), and because McCabe's second claim had been denied on the merits in his previous section 2255 action, *see Alessi v. United States*, 653 F.2d 66, 69 (2d Cir.1981) (district court did not err in denying successive motion). The district court denied ap-

---

1. The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

2. McCabe's motion, filed under 28 U.S.C. § 2241 in the District Court for the Western District of Washington, was transferred to the District Court of South Dakota and treated as a motion under 28 U.S.C. § 2255.

pellant's motion to reconsider, and this timely appeal followed.

 On January 5, 1990, McCabe filed a motion pursuant to 8th Cir.R. 4, asking this court to incorporate into the record briefs submitted by both parties on McCabe's direct appeal. Because the record already before us is sufficient for purposes of our review, McCabe's motion is hereby denied.

Upon careful review of the record, the judgment of the district court is affirmed.[3] *See* 8th Cir.R. 14.

---

3. In its brief, the United States urges this court to find that McCabe has filed an abusive number of petitions and appeals. Government's Brief at 3. We refuse to do so.