**Louis Kenneth RISKEN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 89–1362, 89–2406.**

United States Court of Appeals, Eighth Circuit.

Submitted March 7, 1990.

Decided March 29, 1990.

Louis Kenneth Risken, pro se.

Robert C. Dopf, Des Moines, Iowa, for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Louis Kenneth Risken appeals from final orders entered in the District Court[1] denying his Fed.R.Crim.P. 32(c)(3) motion to correct his presentence investigation report and his Fed.R.Crim.P. 35 motion to correct an illegal sentence or, in the alternative, for writ of habeas corpus. For the reasons discussed below, we affirm the orders of the district court.

Risken was convicted of two counts of obstruction of justice in violation of 18 U.S.C. § 1503 and two counts of witness tampering, one in violation of 18 U.S.C. § 1512(a)(1) and one in violation of 18 U.S.C. § 1512(a)(2)(A), and was sentenced to an aggregate term of 20 years imprisonment. Risken was found to have solicited the killing of one witness and to have made false and misleading statements to another witness in a federal grand jury investigation into possible criminal violations of federal labor laws. His conviction was affirmed on appeal. *United States v. Risken*, 788 F.2d 1361 (8th Cir.), *cert. denied*, 479 U.S. 923, 107 S.Ct. 329, 93 L.Ed.2d 302 (1986).

## MOTION TO CORRECT PRESENTENCE INVESTIGATION REPORT

In appeal No. 89–1362, Risken appeals from the district court's order denying his pro se, self-styled, Fed.R.Crim.P. 32(c)(3) motion to correct his presentence investigation report. Risken alleged that the offense behavior severity index, 28 C.F.R. § 2.20 (1988), mandated a category rating of 3 to 5 for the offenses of which he was found guilty and not the assigned category rating of 8. The assigned category rating was based upon what Risken argues was the United States Parole Commission's erroneous description of the offense behavior as involving conspiracy to murder a government witness. Risken further alleged that the erroneous description was never received by the sentencing court and must have been released by the Probation Office for the Southern District of Iowa.

---

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

He requested that the Probation Office be ordered to correct its error.

█ Fed.R.Crim.P. 32(c)(3) claims are cognizable as 28 U.S.C. § 2255 motions. *See Larson v. United States*, 835 F.2d 169, 172 (8th Cir.1987), *cert. denied*, 486 U.S. 1056, 108 S.Ct. 2824, 100 L.Ed.2d 925 (1988); *Poor Thunder v. United States*, 810 F.2d 817, 822–23 (8th Cir.1987). Risken, however, failed to state a Fed.R.Crim.P. 32(c)(3) claim. He alleged that the sentencing court never received the offense description that he was disputing and, necessarily, failed to allege that any objection had been made to that description. *See Smith v. United States*, 876 F.2d 655, 657 (8th Cir.) (collateral relief not available for challenges to presentence investigation reports when claims were not raised at sentencing), *cert. denied*, —— U.S. ——, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989). *See also Poor Thunder v. United States*, 810 F.2d at 822 n. 5 (agreeing with holding in *Johnson v. United States*, 805 F.2d 1284 (7th Cir.1986) (collateral relief not available for Rule 32 challenge where alleged errors in presentence investigation report were not brought to court's attention at time of sentencing)). The district court correctly denied Risken's motion to correct his presentence investigation report.

MOTION TO CORRECT ILLEGAL SENTENCE

In appeal No. 89–2406, Risken appeals from the district court's order denying his Fed.R.Crim.P. 35 motion to correct an illegal sentence or, in the alternative, for a writ of habeas corpus. Risken argued in his motion that his conviction for witness tampering in violation of 18 U.S.C. § 1512(a)(2)(A) was illegal because an attempt to kill a witness is not specifically prohibited by that statute, citing *United States v. Dawlett*, 787 F.2d 771 (1st Cir. 1986) (holding 18 U.S.C. § 1512(a)(1), which proscribes knowingly using physical force or attempting to do so with intent to influence testimony of person in official proceeding, does not reach attempted murder). He also argued that his conviction for both obstruction of justice and witness tampering violated the double jeopardy clause of the fifth amendment because 18 U.S.C. § 1512 is a lesser included offense of 18 U.S.C. § 1503 and subjected him to cruel and unusual punishment in violation of the eighth amendment because his conviction under 18 U.S.C. § 1512 for an attempt to obstruct justice carried a harsher penalty than his conviction under 18 U.S.C. § 1503 for obstructing justice.

█ In order for Risken to prevail on these issues, this court must hold that he cannot be convicted under both 18 U.S.C. § 1503 and 18 U.S.C. § 1512 for attempting to hire someone to kill a grand jury witness or for engaging in misleading conduct toward another grand jury witness. This court, however, rejected these arguments in Risken's direct appeal. We held that both types of conduct fall within the terms of both 18 U.S.C. § 1503 and 18 U.S.C. § 1512. *United States v. Risken*, 788 F.2d at 1369. We also held that Risken's conviction under both sections is not multiplicitous in violation of the double jeopardy clause. *Id.* Moreover, Risken's reliance on *United States v. Dawlett* is misplaced. The decision in that case was based upon the term "influence" in 18 U.S.C. § 1512(a)(1), and the court noted that the government might have been able to prosecute the defendant under 18 U.S.C. § 1512(a)(2)(A), but not 18 U.S.C. § 1512(a)(1), for soliciting someone to kill a witness in a criminal trial. 787 F.2d at 776. The district court correctly denied Risken's motion to correct an illegal sentence or, in the alternative, for writ of habeas corpus. *Cf. McCabe v. Callahan*, 894 F.2d 994, 995 (8th Cir.1990) (claim considered on direct appeal was properly denied summarily when raised in motion for collateral relief).

Accordingly, we affirm the orders of the district court.